UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EBERAIA D. FIELDS,

        Plaintiff,

    v.                                          CAUSE NO. 3:22-CV-102-DRL-MGG

ALEC S. VANTUINEN, KELLY
WIREMAN, VENTURA,

        Defendants.

### OPINION AND ORDER

Eberaia D. Fields, a prisoner without a lawyer, filed a confusing second amended complaint. ECF 24. It is confusing because it is not in chronological order and it lacks sufficient detail. To the extent dates are provided, this opinion is in chronological order. When Mr. Fields files an amended complaint, it should be in chronological order too.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Fields alleges he was brought to the Cass County Jail on public intoxication charges by Alec Vantuinen, but he does not say when. He alleges Jailer Ventura falsely

told Jailer Kelly Wireman on February 21, 2020, that Mr. Fields was going to kill some kids. It is unclear how or when Jailer Ventura claimed to have gained this information.

Mr. Fields alleges Alec Vantuinen appeared in Cass Superior Court 1 on March 5, 2020, and gave false testimony related to the charging information for intimidation of Alec Vantuinen and Kelly Wireman. It is unclear how either were alleged to have been intimidated. It is unclear whether the testimony was oral or in writing, what statements were made, and why he alleges they were false.

Mr. Fields alleges Kelly Wireman wrote a false conduct report on April 21, 2022, stating he told Alec Vantuinen he was going to kill *her* kids. It is unclear when or where this alleged threat was made. It is unclear whether he is alleging Alec Vantuinen did not make this statement to Kelly Wireman, whether he is alleging Kelly Wireman knew the statement was false, or whether he never made such a threat. It is unclear what happened as result of the conduct report. Was he found guilty? Was he punished; if so, how?

Mr. Fields alleges Alec Vantuinen coerced Kelly Wireman on April 28, 2020, to say Mr. Fields threatened to kill some kids. It is unclear if she did; but, on the same day, he alleges they conspired to write a false conduct report saying he said he was going to kill some kids. It is unclear whether such a report was ever written and, if so, what happened as a result. Also on the same day, he alleges Alec Vantuinen wrote a false police report. He does not say what was in the report, why he alleges it was false, nor what happened as a result of it.

Mr. Fields alleges he was falsely accused of threatening to kill children. It is unclear whether all of these allegations against him stem from a single incident or if he was

accused of having threatened to kill children on multiple occasions. He alleges he was in jail for nine months as a result of more than one of these events. It is unclear what charges he was being held on and how these events are connected to his detention.

This complaint does not state a claim for which relief can be granted. It is short on facts, dates, and specifics. Though it seems likely there are many relevant documents related to these claims, none were attached. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Mr. Fields may file a third amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual

standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court. He should attach any relevant documents he has or can obtain.

Finally, he filed a motion saying he recently returned from the Grant County Jail and asking for the court to remail any orders he might not have received since he went there on May 13, 2022. ECF 25. It was unnecessary to file a motion. He should have filed a Notice of Change of Address. The court's most recent order was sent electronically to his law library on May 6, 2022. It was not returned undeliverable.

For these reasons, the court:

(1) DENIES the motion (ECF 25);

(2) GRANTS Eberaia D. Fields until **June 30, 2022**, to file an amended complaint; and

(3) CAUTIONS Eberaia D. Fields if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

May 27, 2022                                    *s/ Damon R. Leichty*
                                                Judge, United States District Court