UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EBERAIA D. FIELDS,<br><br>          Plaintiff,<br><br>    v.<br><br>ALEC S. VANTUINEN, KELLY WIREMAN, VENTURA,<br><br>          Defendants. | CAUSE NO. 3:22-CV-102-DRL-MGG |

OPINION AND ORDER

Eberaia D. Fields, a prisoner without a lawyer, filed a second amended complaint. ECF 27. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The amended complaint contained unrelated claims that Mr. Fields was ordered to separate. ECF 23. Specifically, the excessive force claim arising out of his arrest by Police Officer Alec S. Vantuinen was unrelated to the false accusation claims against Jail Officer Kelly Wireman and Jail Officer Ventura. The second amended complaint omitted the excessive force claim but attempted to add a false arrest claim against Police Officer

Vantuinen. This claim, which arose from the same events as the excessive force claim, is also unrelated to the claims against the jail officers. Mr. Fields should have known that based on the court's last order. He could again be ordered to file an amended complaint with only related claims, but that would be a waste of time and judicial resources. Unlike when the court issued the prior order, Mr. Fields has now demonstrated he wants to pursue a second case against Police Officer Vantuinen by filing *Fields v. Vantuinen*, 3:22-cv-467 (N.D. Ind. filed June 17, 2022). The false arrest claim against Police Officer Vantuinen will be dismissed without prejudice. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (unrelated claims may be dismissed).

Mr. Fields was booked into the Cass County Jail on February 21, 2020. The same day, he was charged with a three-count information, and the state court found there was probable cause to hold him. *State v. Fields*, 09D01-2002-F6-55 (Cass Superior Court filed February 21, 2020).[1] Mr. Fields alleges Jail Officer Wireman and Jail Officer Ventura falsely claimed he told them he was going to kill children. As a result, an amended information was filed adding a fourth count on March 4, 2020. *Id*. Historically, this would have been called a malicious prosecution claim, but

> [a]fter *Manuel* [*v. City of Joliet, Ill.*, 580 U.S. 357 (2017)], Fourth Amendment malicious prosecution is the wrong characterization. There is only a Fourth Amendment claim—the absence of probable cause that would justify the detention. The problem is the wrongful custody. There is no such thing as a constitutional right not to be prosecuted without probable cause. But there is a constitutional right not to be held in custody without probable cause.

---

[1] The court is permitted to take judicial notice of the electronic docket of the State court, available at https://public.courts.in.gov/mycase/, in determining whether the complaint states a claim. See Fed. R. Evid. 201 and *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

*Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 670 (7th Cir. 2018) (quotation marks, citations, and brackets, and italics omitted).

Here, Mr. Fields was already being held in custody when the fourth count was added. The court had already determined there was probable cause to hold him on the three original charges. The addition of the fourth count changed nothing. His bond had been set at $500 on February 24, 2020, and it was not changed when the fourth count was added.[2] Mr. Fields was not wrongfully held in custody on the fourth count because he would have remained in custody on the three original counts even if the fourth had not been filed. "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015). Because the state court determined there was probable cause to hold him on the three original counts, the allegedly false accusation that he threatened to kill children did not result in his being wrongfully held in custody. The complaint does not state a claim against Jail Officer Wireman and Jail Officer Ventura for allegedly falsely claiming he told them he was going to kill children.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the claim Police Officer Alec S. Vantuinen allegedly falsely arrested him on February 21, 2020;

(2) DISMISSES WITH PREJUDICE all other claims pursuant to 28 U.S.C. § 1915A; and

---

[2] Mr. Fields posted bond on June 12, 2020.

(3) DIRECTS the clerk to enter judgment and close this case.

SO ORDERED.

August 30, 2022                                  *s/ Damon R. Leichty*
                                                 Judge, United States District Court